UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOUIS VIGNOLA, individually; TAMARA HARLESS, as Special Administrator for the Estate of NANCY MARIE OUELLET; LOUIS VIGNOLA as Guardian ad Litem for CAROLYN VIGNOLA, a minor; and LOUIS VIGNOLA as Guardian ad Litem for GABRIEL VIGNOLA, a minor,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CHARLES ALFRED GILMAN, JR.; AUTO-OWNERS INSURANCE COMPANY; and MUTUAL OF ENUMCLAW INSURANCE COMPANY,<br><br>　　　　　　Defendants. | 2:10-cv-02099-PMP-GWF<br><br><u>ORDER</u> |

Presently before the Court is Defendant Mutual of Enumclaw Insurance Company's Motion to Dismiss (Doc. #11), filed on February 7, 2011.  Plaintiffs filed a Response (Doc. #14) on February 17, 2011.  Defendant Mutual of Enumclaw Insurance Company filed a Reply (Doc. #19) on February 28, 2011.

**I. BACKGROUND**

This case stems from a tragic motorcycle–automobile accident on June 22, 2010. (Notice of Removal (Doc. #1), Ex. A ["Compl."] at ¶ 7.)  Nancy Marie Ouellet ("Ouellet") was operating her motorcycle on US 93 when Defendant Charles Gilman's ("Gilman") automobile struck her motorcycle.  (Id.)  As a result of the collision, Ouellet suffered serious injuries and died.  (Id.)  Ouellet maintained a motorcycle insurance policy through

Defendant Auto-Owners Insurance Company ("Auto-Owners"). (Id. at ¶ 17.) Defendant Gilman maintained an automobile insurance policy through Defendant Mutual of Enumclaw Insurance Company ("Enumclaw"). (Id. at ¶ 37.)

Plaintiffs Louis Vignola, Carolyn Vignola, and Gabriel Vignola are Ouellet's heirs, and Plaintiff Tamara Harless is the Special Administrator of Ouellet's estate. (Id. at ¶¶ 2-3, 8-10.) Plaintiffs filed a claim with Defendant Auto-Owners requesting the policy limits for under-insured motorist coverage under Ouellet's insurance policy. (Id. at ¶ 18.) Additionally, counsel for Plaintiffs sent a demand letter to Defendant Enumclaw requesting the policy limits for bodily injury coverage under Defendant Gilman's auto-insurance policy, however Plaintiffs did not receive payment under the policy. (Id. at ¶¶ 39, 52.)

On November 2, 2010, Plaintiffs filed the present Complaint in the Eighth Judicial District Court of Clark County, Nevada, alleging claims of wrongful death, negligence, and loss of consortium against Defendant Gilman. (Id. at ¶¶ 11-14.) Plaintiffs' Complaint alleges Defendant Auto-Owners acted in bad faith by refusing to promptly settle their claims. (Id. at ¶¶ 18-30.) Additionally, Plaintiffs' Complaint asserts a bad faith claim against Defendant Enumclaw for failing to reasonably and promptly settle their claims. (Id. at ¶ 80.) Plaintiffs' Complaint also seeks a declaratory judgment that Defendant Enumclaw is obligated to indemnify Defendant Gilman for any damages awarded to Plaintiffs in excess of the applicable policy limits. (Id.) Plaintiffs seek damages, payment under the insurance policies, plus attorney's fees and costs. (Id.)

Defendant Auto-Owners removed the case to this Court on December 2, 2010. (Notice of Removal (Doc. #1).) Defendant Enumclaw now moves to dismiss Plaintiffs' claims, arguing Plaintiffs are third party claimants under the insurance policy and thus lack standing to bring a claim for bad faith refusal to settle. Defendant Enumclaw also argues Plaintiffs' request for declaratory relief is not ripe because they have no protectable legal interest in the insurance contract where they have not first obtained a tort judgment against

Defendant Gilman.[1]

In response, Plaintiffs ask the Court to recognize a cause of action for third party bad faith. Additionally, Plaintiffs rely on a recent decision of this Court to argue their Complaint states an actual case or controversy ripe for declaratory relief. Plaintiffs also argue their request for declaratory relief is ripe because they have a legally protectable interest in the liability of Defendant Enumclaw, the limits of Gilman's policy, and the alleged acts of bad faith.

Defendant Enumclaw replies that Plaintiffs have not established the right of third parties to file claims for bad faith refusal to settle. Additionally, Defendant Enumclaw argues that recognizing Plaintiffs' bad faith claim would require the Court to overrule established Nevada case law. Defendant Enumclaw further argues that under applicable case law, Plaintiffs are barred from maintaining a declaratory relief action prior to obtaining a tort judgment against Defendant Gilman, and thus have not presented a claim ripe for declaratory relief.

**II. LEGAL STANDARD**

Federal courts hearing cases pursuant to diversity jurisdiction apply federal procedural law and state substantive law. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). In considering a motion to dismiss, courts "must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Saiperas v. Mont. State Comp. Ins. Fund, 480 F.3d 1001, 1003 (9th Cir. 2007) (quotation omitted). Dismissal of a claim is proper where no cognizable legal theory exists or where the plaintiff has alleged facts insufficient to support a cognizable legal theory. Id. Additionally, if the complaint fails to assert facts sufficient to confer standing, dismissal is

---

[1] Defendant Enumclaw also requests an award of reasonable attorney's fees and costs incurred. Defendant Enumclaw did not provide supporting case law for its request, and therefore Defendant Enumclaw's request for attorney's fees is hereby denied.

proper.  Sacks v. Office of Foreign Assets Control, 466 F.3d 764, 771 (9th Cir. 2006).

## III. DISCUSSION

### A. Bad Faith

State substantive law determines whether Plaintiffs allege facts sufficient to support a claim of bad faith.  Conestoga Servs. Corp. v. Executive Risk Indem., Inc., 312 F.3d 976, 980-81 (9th Cir. 2002).  In Nevada, liability for bad faith is strictly tied to the implied covenant of good faith and fair dealing created by the contractual relationship between the insured and the insurer.  United Fire Ins. Co. v. McClelland, 780 P.2d 193, 197 (Nev. 1989).  An insurer's duty to negotiate settlements in good faith arises directly from the insurance contract.  Allstate Ins. Co. v. Miller, 212 P.3d 318, 330 (Nev. 2009).  Therefore, a party who lacks a contractual relationship with an insurer does not have standing to bring a claim of bad faith.  Gunny v. Allstate Ins. Co., 830 P.2d 1335, 1335-36 (Nev. 1992).  In Nevada, "[w]here no contract relationship exists, no recovery for bad faith is allowed."  McClelland, 780 P.2d at 197.  Other states may recognize a duty to negotiate in good faith between insurers and third parties, however, Nevada does not recognize such a duty.  Tweet v. Webster, 610 F. Supp. 104, 105 (D. Nev. 1985); see also Bergerud v. Progressive Cas. Ins., 453 F. Supp. 2d 1241, 1247 (D. Nev. 2006).

The Nevada Supreme Court has suggested that in the absence of a contractual relationship, a third party may have standing to bring a claim of bad faith if it is a specific intended beneficiary under the policy or has relied to its detriment on actions or representations made by the insurer.  Gunny, 830 P.2d at 1336.  Therefore, a contractual relationship is required to assert a claim of bad faith unless a third party is a specific intended beneficiary to the insurance contract or alleges it relied to its detriment on

///

///

///

4

representations made by the insurer. Gunny, 830 P.2d at 1335-36.[2]

Plaintiffs' Complaint fails to allege the existence of a contractual relationship between Plaintiffs and Defendant Enumclaw. Plaintiffs are third party claimants against Defendant Gilman's insurance policy, and Plaintiffs do not allege they are specific intended beneficiaries or that they detrimentally relied on representations made by Defendant Enumclaw. Under Nevada law, Plaintiffs do not have standing to bring a claim of bad faith against Defendant Enumclaw because they fail to allege the requisite contractual relationship. The Court therefore, will grant Defendant Enumclaw's Motion to Dismiss without prejudice as to Plaintiffs' bad faith claim against Defendant Enumclaw.

**B. Declaratory Relief**

In a diversity action, federal law determines whether the parties have presented a controversy ripe for judicial review under the Declaratory Judgment Act. Hunt v. State Farm Mut. Auto. Ins. Co., 655 F. Supp. 284, 286 (D. Nev. 1987). State substantive law regarding the parties' rights applies when it is relevant to the Court's ripeness analysis. Id. A federal court may grant declaratory relief "[i]n a case of actual controversy within its jurisdiction . . . ." 28 U.S.C. § 2201(a). Accordingly, a district court must determine at the outset whether the parties have presented an actual case or controversy within the court's jurisdiction. Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). A case or controversy is ripe if the court finds "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)

---

[2] Additionally, this Court recognized that Nevada may extend the implied covenant of good faith and fair dealing to non-contracting parties who are defined as "insureds" under the applicable policy language. See Bergerud, 453 F. Supp. 2d at 1249. Thus, a non-contracting party who is defined as an insured under the relevant policy could state a claim against the insurer for bad faith refusal to settle. Plaintiffs do not allege they are defined as insureds under Defendant Gilman's insurance policy. Therefore, the reasoning in Bergerud is not applicable to the facts of this case.

1  (quotation omitted).  Therefore, a court cannot grant declaratory relief if the dispute
2  between the parties is hypothetical or the rights at issue are merely speculative.  Hunt, 655
3  F. Supp. at 286.  The parties must present a dispute that is "definite and concrete."
4  MedImmune, 549 U.S. at 127 (quotation omitted).

5  Under Nevada law, declaratory relief between an insured and his insurer may be
6  granted prior to a final tort judgment.  El Capitan Club v. Fireman's Fund Ins. Co., 506 P.2d
7  426, 429 (Nev. 1973).  Declaratory relief is proper between an insured and his insurer once
8  the insured has made a demand for the insurance company to pay a claim or defend a
9  lawsuit.  Knittle v. Progressive Cas. Ins. Co., 908 P.2d 724, 726 (Nev. 1996).  Additionally,
10  declaratory relief between an insured and his insurer may be proper where it is clear an
11  early resolution of the question of coverage will be advantageous to all parties.  El Capitan
12  Club, 506 P.2d at 429.

13  In contrast, under Nevada law, declaratory relief between a third party claimant
14  and an insurer is proper only after the third party obtains a tort judgment against the
15  tortfeasor.  Knittle, 908 P.2d at 726.  The rights of a tort claimant against a tortfeasor's
16  insurer do not mature until the tort claimant obtains a judgment against the tortfeasor.
17  Roberts v. Farmers Ins. Co., 533 P.2d 158, 159 (Nev. 1975).  Thus, a plaintiff has "no
18  legally protectable interest" in an action for declaratory relief until she establishes liability
19  of the tort defendant.  Knittle, 908 P.2d at 725-26.  Prior to obtaining a tort judgment
20  against the tortfeasor, a plaintiff's rights against the tortfeasor's insurer are speculative and
21  not ripe for declaratory relief.  Id. at 726.

22  Plaintiffs rely on AAA Nevada Insurance Company v. Chau, to argue their
23  request for declaratory relief is ripe.  No. 2:08-cv-00827-RCJ-LRL, 2010 WL 1756986, at
24  *3 (D. Nev. Apr. 30, 2010).  In Chau, the insurer initiated a declaratory relief action against
25  its insured to establish its duties under the insurance contract.  Id. at *1.  Third party
26  claimants against the insurance policy in question moved for permissive intervention in the

1  declaratory relief action between the insured and the insurer.  Id.  Although the Court
2  initially dismissed the declaratory relief action, upon reconsideration the Court determined
3  an actual case or controversy ripe for declaratory relief existed between the insured and the
4  insurer.  Id. at *2-3.  Additionally, the Court reversed prior denial of the third parties'
5  motion to intervene, allowing intervention pursuant to the Court's discretion under Federal
6  Rule of Civil Procedure 24(b).  Id. at *5.  The Court permitted the third parties to intervene,
7  even though they could not independently bring a claim against the insurer, because the
8  third parties had a significant interest in the outcome of the declaratory relief action and
9  were the only parties in the declaratory relief action with "a truly adverse interest."  Id.

10  Plaintiffs rely on Chau to argue that third parties have a justiciable claim for
11  declaratory relief against a tortfeasor's insurer.  Plaintiffs argue that an interest sufficient to
12  seek permissive intervention in a declaratory relief action between an insured and an insurer
13  creates a controversy ripe for declaratory relief between a third party and an insurer.
14  Additionally, Plaintiffs rely on Chau to assert they have a legally protectable interest in the
15  instant matter because they have an interest in any controversy regarding the liability of
16  Defendant Enumclaw, the policy limits of Gilman's coverage, and underlying bad faith
17  claims.  Plaintiffs argue their interest in the limits of Gilman's coverage and Enumclaw's
18  liability for bad faith creates a justiciable controversy ripe for declaratory relief.

19  The declaratory relief action at issue in Chau was between the insured and the
20  insurer, and the Court found a ripe controversy existed between the insured and the insurer
21  as to the obligations under the insurance contract.  Id. at *2-3.  Consequently, the Court's
22  decision does not stand for the proposition that actions by third parties against insurers are
23  ripe for declaratory relief.  A court, in its discretion, may grant permissive intervention
24  under Rule 24(b) where a party lacks standing to assert a claim, whereas a court may not
25  grant declaratory relief where a party alleges facts insufficient to confer standing.  Perry v.
26  Schwarzenegger, 630 F.3d 898, 906 (9th Cir. 2011); MedImmune, 549 U.S. at 126-27.

7

Therefore, an interest to intervene in a declaratory relief action does not necessarily create a ripe controversy for a third party to seek declaratory relief. Perry, 630 F.3d at 906. Under Nevada law, an action between a third party and an insurer is ripe for declaratory relief only after the third party obtains a tort judgment against the tortfeasor. Knittle, 908 P.2d at 726. Even assuming Plaintiffs have an interest sufficient to support permissive intervention under Rule 24(b) in an action between Defendant Gilman and Defendant Enumclaw, they do not at this time have standing in a justiciable controversy ripe for declaratory relief against Defendant Enumclaw.

Plaintiffs' Complaint fails to allege they have obtained a tort judgment against Defendant Gilman. Prior to obtaining a tort judgment against Defendant Gilman, Plaintiffs' rights are speculative as to the liability of Defendant Enumclaw to indemnify Defendant Gilman for any judgment obtained against him by Plaintiffs. Declaratory relief between insureds and insurers may be granted prior to the resolution of an underlying tort suit. However, Plaintiffs do not allege they are an insured party under the contract with Defendant Enumclaw. Under Nevada law, Plaintiffs do not have a claim against Defendant Gilman's insurance company until they obtain a final judgment against Defendant Gilman. The Court cannot grant declaratory relief in the absence of an actual case or controversy. Therefore, Defendant Enumclaw's Motion to Dismiss is granted without prejudice as to Plaintiffs' request for declaratory relief.

///
///
///
///
///
///
///

**IV. CONCLUSION**

      IT IS THEREFORE ORDERED that Defendant Mutual of Enumclaws' Motion to Dismiss (Doc #11) is hereby GRANTED.

DATED: April 13, 2011

                                                        _____
                                                        PHILIP M. PRO
                                                        United States District Judge