1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LOUIS VIGNOLA, *et al.*,                    )
                                            )
                          Plaintiffs,       )          Case No. 2:10-cv-02099-PMP-GWF
                                            )
vs.                                         )          **ORDER**
                                            )
CHARLES ALFRED GILMAN, JR., *et al.,*       )          Motion to Strike Plaintiffs'
                                            )          Offer of Judgment (#112)
                          Defendants.       )
_____    )

        This matter comes before the Court on Defendant Auto-Owner Insurance Company's
Motion to Strike Plaintiffs' Officer of Judgment (#112), filed on June 20, 2012; Plaintiffs'
Response to Defendant's Motion to Strike (#116), filed on July 6, 2012 and Auto-Owners' Reply
(#119), filed on July 16, 2012.

        Defendant request the Court strike Plaintiffs' offer of judgment as improper.  Specifically,
Defendant argues that Fed. R. Civ. P. 68 applies to this case and only provides that "a party
defending against a claim may serve on an opposing party an offer to allow judgment on specified
terms. . . ."  Defendant argues that because Plaintiffs are not defending any claims in this matter,
Plaintiffs' offer of judgment is improper under Rule 68.  In response, Plaintiffs argue they properly
served their offer of judgment under NRS 17.115, which is applicable to this action under *Erie* as
the substantive law of the state.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

        In diversity cases, the court applies federal law if the law is procedural and state law if the
law is substantive.  *Walsh v. Kelly*, 203 F.R.D. 597, 598 (D. Nev. 2001) (citing *Erie R.R. Co. v.
Tompkins*, 304 U.S. 64 (1938)).  Generally, when determining whether a specific provision of law
is substantive or procedural under *Erie*, the Court would conduct an outcome determinative
analysis. *See Guaranty Trust Co. v. York*, 326 U.S. 99 (1945).  However, that analysis is not
necessary in this case.  On April 13, 2012, the Court entered an Order (#90), finding that "the Court

will apply Colorado law to Plaintiffs' bad faith, unfair claims practices, and contractual claims against Auto-Owners."  Plaintiffs served their offer of judgment, dated June 19, 2012, pursuant to Nevada Revised Statute ("NRS") 17.115.  *See Defendant's Motion* (#112), Exhibit A.  Even if the Court were to determine that offers of judgment should be governed by the state law, Colorado state law would apply, not Nevada state law.  The Court therefore finds that Plaintiffs' offer of judgment under Nevada state law is improper and should be stricken.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Auto-Owner Insurance Company's Motion to Strike Plaintiffs' Officer of Judgment (#112) is **granted**.

DATED this17th day of July, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

2