UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LOUIS VIGNOLA, et al., | Case No. 2:10-cv-02099-RFB-GWF |
| Plaintiffs, | ORDER |
| v. | Plaintiff's Motion for Attorney's Fees |
| CHARLES ALFRED GILMAN, JR., | |
| Defendant. | |

I. **INTRODUCTION**

Before the Court is Plaintiffs Louis Vignola and Tamara Harless ("Plaintiffs")' Motion for Attorney's Fees. (ECF No. 218). For the reasons stated below, the Court GRANTS Plaintiff's Motion.

II. **BACKGROUND**

The Court adopts the findings of fact and procedural history as set forth in its Findings of Fact, Conclusions of Law, and Verdict, entered April 27, 2015. (ECF No. 215). On May 27, 2015, the Clerk of Court entered a Judgment in favor of Plaintiffs on pursuant to the Court's prior Order, in the amount of $9,070,846.01. (ECF Nos. 15, 16). Plaintiffs filed a Bill of Costs on May 28, 2015. (ECF No. 217). On June 9, 2015, Plaintiffs filed the instant Motion for Attorney's Fees, in the amount of $3,628,338.40 pursuant to Federal Rule of Procedure 56(d)(2), NRS 17.115, and NRS 18.010. (ECF No. 218). Defendant Charles Alfred Gilman Jr. ("Defendant") filed an Objection to the Bill of Costs on June 15, 2015. (ECF No. 219). On June 26, 2015, Defendant filed

a Response to the Motion for Attorney's Fees. (ECF No. 220). Plaintiffs filed their Reply on July 6, 2015. (ECF No. 221). The Court held a hearing on the Motion for Attorney's Fees on March 23, 2016. (ECF No. 224). Costs were taxed against Defendant in the amount of $14,590.96 (ECF No. 225), and the Clerk of Court filed a Memorandum regarding taxation of costs (ECF No. 226). Plaintiffs also request prejudgment interest in the amount of $1,910,096.52. (Letter from Plaintiffs, dated September 26, 2017).

### III. LEGAL STANDARD

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). The Ninth Circuit has found that, "for Erie Railroad Co. v. Tompkins purposes, state law on attorney's fees is substantive, so state law applies in diversity cases. '[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 709 F.3d 872, 886 (9th Cir. 2013) (alterations in original) (citation omitted). Nevada law permits an award of attorney's fees to the prevailing party where the opposing party brought or maintained a claim "without reasonable ground[s] or to harass the prevailing party." Nev. Rev. Stat. § 18.010(2)(b). "[A] claim is frivolous or groundless if there is no credible evidence to support it." Rodriguez v. Primadonna Co., LLC, 216 P.3d 793, 800 (Nev. 2009) (citation omitted). The Court must liberally construe § 18.010(2)(b) in favor of awarding attorney's fees. Nev. Rev. Stat. § 18.010(2)(b). Whether to award fees is within the Court's discretion. Rodriguez, 216 P.3d at 800.

To determine whether attorney's fees should be awarded pursuant to Section 18.010(2)(b), the Court must "inquire into the actual circumstances of the case, rather than a hypothetical set of facts favoring plaintiff's averments." Baldonado v. Wynn Las Vegas, LLC, 194 P.3d 96, 106-07 (Nev. 2008) (footnote omitted). In cases interpreting the statute governing attorney's fees, the Supreme Court of Nevada has considered such factors as the complexity and uncertainty of the

legal issues presented, as well as whether the issue is one of first impression, in deciding whether a claim was brought or maintained with reasonable grounds. In Baldonado, the Supreme Court of Nevada referenced the complexity and unsettled nature of the legal issues presented in finding that the district court did not abuse its discretion in determining that appellants' arguments were brought with reasonable grounds, even though appellants' claims were unsuccessful on the merits. Id. at 107; see also Rodriguez, 216 P.3d at 801 (denying defendant's motion for attorney's fees because the plaintiff's civil action presented a novel question of Nevada law). If there are several claims at issue, and the court finds that some claims are groundless while others are not, attorney's fees should be allocated between the grounded and groundless claims. Bergmann v. Boyce, 856 P.2d 560, 563 (Nev. 1993). The court may exercise its discretion in determining the amount to award for defense against groundless claims. Id.

The mere fact that a claim failed to survive summary judgment, absent other evidence, is not sufficient to prove the claims were brought without reasonable grounds or to harass. Bower v. Harrah's Laughlin, Inc., 215 P.3d 709, 726 (Nev. 2009), modified on other grounds by Garcia v. Prudential Ins. Co. of Am., 293 P.3d 869 (Nev. 2013). Relatedly, the fact that a plaintiff's complaint survives a motion to dismiss is irrelevant as to whether the claims had a reasonable basis, because the standard applied to a motion to dismiss differs from the standard applied to a post-judgment motion for attorney's fees. Bergmann, 856 P.2d at 563.

Nevada law also permits an award of attorney's fees in the context of rejected offers of judgment. Nev. Rev. Stat. § 17.115.[1] To determine whether to award attorney's fees pursuant to Section 17.115, the trial court must apply two tests: the Beattie test and the Brunzell test. See Gunderson v. D.R. Horton, Inc., 319 P.3d 606, 616 (Nev. 2014) (citing Beattie v. Thomas, 668 P.2d 268 (Nev. 1983) and Brunzell v. Golden Gate Nat'l Bank, 455 P.2d 31 (Nev. 1969)) (finding that the district court abused its discretion by failing to apply both tests). Under the Beattie test, the district court must consider the following factors: "(1) whether the plaintiff's claim [or defendant's defense] was brought in good faith; (2) whether the . . . offer of judgment was

---

[1] The Court recognizes that Section 17.115 was repealed as of October 1, 2015. However, the action was commenced and the judgment were entered while the statute was still operative.

reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's [or defendant's] decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount." 668 P.2d at 274. Depending upon which party is the offeror, the court's analysis of the first factor should take into account the good faith of the offeror in litigating liability. <u>Yamaha Motor Co., U.S.A. v. Arnoult</u>, 955 P.2d 661, 673 (Nev. 1998).

To properly determine the fourth <u>Beattie</u> factor, and arrive at a reasonable value of the attorney's services, the court applies the <u>Brunzell</u> test. The court must consider: "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; [and] (4) the result: whether the attorney was successful and what benefits were derived." 455 P.2d at 33 (citation omitted). "[G]ood judgment would dictate that each of these factors be given consideration by the trier of fact and that no one element should predominate or be given undue weight." <u>Id.</u> (citation and quotation marks omitted).

To calculate prejudgment interest, Nevada law provides: "When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest only from the time of the entry of the judgment until satisfied, at a rate equal to the prime rate at the largest bank in Nevada as ascertained by the commissioner of financial institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent. The rate must be adjusted accordingly on each January 1 and July 1 thereafter until the judgment is satisfied." Nev. Rev. Stat. § 17.130(2)

**IV. DISCUSSION**

    **a. Attorney's fees pursuant to NRS § 18.010**

As the Court finds that Defendant's defenses were neither frivolous nor unreasonable, the

Court rejects this basis for awarding attorney's fees. The Court notes that the parties filed a Stipulation and Order regarding Liability, in which Defendant admitted that he was 100% at fault in causing the collision that resulted in the instant litigation, and which was entered by Judge Philip Pro on February 29, 2012. (ECF No. 76). The Court does not find that Defendant's efforts to litigate the amount of damages was frivolous or done in bad faith.

### b. Attorney's fees pursuant to NRS § 17.115

The Court first notes that there is no conflict between Federal Rule of Procedure 68 and NRS § 17.115, as the former is inapplicable in this case. The Supreme Court has held: "Rule 68 prescribes certain consequences for formal settlement offers made by 'a party defending against a claim.' The Rule has no application to offers made by the plaintiff." Delta Air Lines v. August, 450 U.S. 346, 350 (1981).

Additionally, the Court finds that Section 17.115 provides a state-created mechanism for awarding attorneys' fees which must be followed in this case. Avis Budget Grp., Inc., 709 F.3d at 886.

#### i. Beattie analysis

##### 1. Good faith defense

The Court finds that the defenses asserted and the stipulation to liability were done in good faith.

##### 2. Reasonableness and good faith of offer of judgment

The Court finds that Plaintiffs' offer of judgment was done in good faith, particularly as the parties agreed to Defendant's liability.

##### 3. Reasonableness of rejection of offer of judgment

The Court finds that Defendant's rejection of the offer was not reasonable. While it is a close call as to whether Defendant's rejection was grossly unreasonable, the Court finds that, given the stipulation to liability and the Findings of Fact and Conclusions of Law this Court entered, this element is satisfied. In the circumstances of this case, this element includes consideration of all the different bases for determining the amount of the damages. Given the fact that the Defendant had information about these bases, it was quite unreasonable to reject the offer.

#### 4. Reasonableness of fees sought

The Court finds that Plaintiffs' request for attorney's fees is unreasonable. The Court will instead award an amount of $350,000, in consideration of the Brunzell factors below.

### ii. Brunzell analysis

#### 1. Qualities of the advocate

The Court accepts Plaintiffs' argument that counsel possessed sufficient training, education, professional standing, and skill to litigate this case.

#### 2. Character of the work

The Court finds that this case was sufficiently complex and important as to merit an award of attorney's fees, although not an award as high as Plaintiffs request.

#### 3. Work actually performed

The Court agrees with Plaintiffs that extensive work was performed by counsel in this case over a number of years, including conducting discovery and engaging in motion practice.

#### 4. Result

The Court finds that attorney's fees are warranted in this case, as counsel obtained a favorable result for Plaintiffs.

### c. Prejudgment interest pursuant to NRS § 17.130

Plaintiffs request $1,910,096.52 in prejudgment interest. Plaintiffs attach an Affidavit of Compliance which states that the Summons and Complaint were served upon Defendant on May 23, 2011 (ECF No. 218-4). Given the time that passed from the Entry of Judgment to the instant Motion, and the interest rates applicable between January 2011 and July 2015, the Court finds this an appropriate award of prejudgment interest.

. . .

. . .

. . .

. . .

. . .

. . .

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees (ECF No. 218) is **GRANTED**. Plaintiffs are awarded $350,000 in attorney's fees and $1,910,096.52 in prejudgment interest. The request for costs is denied as moot, as the Clerk of Court has already entered a memorandum on costs.

**DATED** this 16th day of October, 2017.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**